**COHELAN KHOURY & SINGER**
Isam C. Khoury (SBN 58759)
msinger@ckslaw.com
Jeff Geraci (SBN 151519)
jgeraci@ckslaw.com
605 C Street, Suite 200
San Diego, CA 92101
Telephone (619) 595-3001/Facsimile: (619) 595-3000

**D.LAW, INC.**
Emil Davtyan (SBN 299363)
emil@d.law
400 N. Brand Blvd., 7th Floor
Glendale, CA 91203
Telephone: (818) 875-2008/Facsimile: (818) 722-3974

Attorneys for Plaintiff Norberto Rodriguez, on behalf of himself and all others similarly situated



**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

NORBERTO RODRIGUEZ, on behalf of himself and all others similarly situated,

Plaintiff,

vs.

OLD DOMINION FREIGHT LINE, INC., a Virginia Corporation; and DOES 1 through 10, inclusive,

Defendants.

CASE NO. 2:25-cv-12220-SPG-JDE

**FIRST AMENDED CLASS ACTION COMPLAINT**

1. **FAILURE TO PAY WAGES**
2. **FAILURE TO REIMBURSE BUSINESS EXPENSES**
3. **FAILURE TO PROVIDE MEAL PERIODS**
4. **FAILURE TO PROVIDE REST PERIODS**
5. **FAILURE TO PROVIDE ACCURATE WAGE STATEMENTS**
6. **FAILURE TO PAY FINAL WAGES**

**DEMAND FOR JURY TRIAL**

Plaintiff NORBERTO RODRIGUEZ ("Plaintiff"), on behalf of himself and all others similarly situated, complains and alleges as follows:

## NATURE OF CLAIM

1. Plaintiff brings this class action on behalf of himself and all California non-exempt, non-driver employees of OLD DOMINION FREIGHT LINE, INC. and Does 1 through 10 (collectively "Defendants") at any time since the three years before filing this Complaint ("Class") for Defendants' unlawful employment practices. Federal Rules of Civil Procedure, Rule 23.

2. Plaintiff, on behalf of himself and members of the Class, bring this action pursuant to California Code of Civil Procedure section 1021.5; California Labor Code sections 201, 202, 203, 218, 218.5, 218.6, 221, 222, 223, 224, 226, 226.7, 246, 512, 558, 1194, 1194.2, 1198, 2802, and 2804; and Industrial Welfare Commission ("IWC") Wage Orders 4-2001 and 9-2001; seeking unpaid wages, liquidated damages, equitable relief, prejudgment interest, reasonable attorneys' fees and costs, and any other relief this Court deems proper.

## PARTIES

3. Plaintiff NORBERTO RODRIGUEZ is a resident of California. Plaintiff worked as an hourly, non-exempt dockworker and hostler, or switcher, from 2018 to January 2024, in the Rialto and Irwindale yards.

4. Plaintiff is informed and believes Defendant OLD DOMINION FREIGHT LINE, INC. is a corporation registered in Virginia and doing business throughout the State of California. With more than 260 service centers, OLD DOMINION FREIGHT LINE, INC. offers, "a range of freight transportation services for businesses across the United States…." (https://www.odfl.com/us/en/home.html, last accessed December 4, 2025.)

5. Does 1 through 10, inclusive, are persons or entities whose true names and identities are unknown to Plaintiff, and are sued by fictitious names. Plaintiff will amend to allege their true names and capacities when known.

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

6. Plaintiff is informed and believes each Doe is the agent, representative, or parent or subsidiary of OLD DOMINION FREIGHT LINE, INC., acted within the course and scope of such agency, and is responsible in some manner for alleged occurrences, injuries, and harm suffered, by Plaintiff and Class members, proximately caused by Defendants.

7. Plaintiff is informed, believes, and alleges each Defendant, including Doe defendants, acted in concert with each and every other Defendant, intended to and did participate in the practices alleged, and was a proximate cause of damage and injury to Plaintiff and members of the Class.

## JURISDICTION AND VENUE

8. This Court has diversity jurisdiction over this action. Plaintiff is a citizen of California and Defendant is a citizen of Virginia. 28 U.S.C. § 1332.

9. This Court has original jurisdiction because the proposed Class consists of 100 or more members; the amount in controversy exceeds $5,000,000, exclusive of costs and interest; and minimal diversity exists. Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d). The Court also has supplemental jurisdiction over the state law claims. 28 U.S.C. § 1367.

10. Venue is proper in this Court because many of the acts and transactions giving rise to this action occurred in this District and Defendants are authorized to conduct business in this District and have intentionally availed themselves of the laws of this District through employing members of the Class and maintaining facilities in this District. 28 U.S.C. § 1391(b)(2).

## GENERAL ALLEGATIONS

11. At all relevant times, Plaintiff and Class members were employed by Defendants in California, and Defendants conducted business in California.

12. Defendants failed to provide Plaintiff and members of the Class required wages for time spent being available to perform, and performing, work-related duties off-the-clock.

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

13. For example, Defendants required Plaintiff and members of the Class to use personal cell phones for work-related purposes, such as being available during breaks, when they were expected to answer their phones. Defendants did not have a written policy forbidding use of personal cell phones, but did not have a policy for paying for time spent off the clock responding to managers calls. This occurred in all, or virtually all, pay periods.

14. Defendants failed to pay Plaintiff and members of the Class for all hours worked, including, for example, for members of the Class to become "Switchers," a position moving trucks around the yard. Defendants, including through instructions by Frank Castro, believed to be an Assistant Terminal Manager, and by operations managers, required them to come to the yard several hours before scheduled shift times to receive training about the position and practice driving trucks. This time was unpaid and occurred in each pay period such training was provided. For example, Defendants required Plaintiff and Class members to receive training before working and being paid as a "Switcher." Until the pay period beginning September 30, 2022, Plaintiff was paid as a "Dockworker," but starting in that pay period was paid for specific hours as a "Switcher." Plaintiff performed training before and after that time, including during the pay periods in August and September 2022.

15. Defendants failed to reimburse Plaintiff and members of the Class for reasonable and necessary business-related expenses.

16. For example, Plaintiff and Class members were required to purchase safety gear necessary to perform their jobs, including gloves and rain gear, but Defendant did not reimburse them for, or provide vouchers for, the cost of these items. For example, Plaintiff spent approximately $40 for gloves, and replaced them several times during his employment, and a one-time purchase of a raincoat for $100. The use of these items was required during his employment, including from 2020 through the time he left the Company in 2024.

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

17. Defendants required Plaintiff and members of the Class to use personal cell phones for work-related purposes, such as being available during breaks, when they were expected to answer texts or calls. They were also required to take pictures with their phones to send to management to document work needed or performed. Defendants did not have a policy forbidding use of personal cell phones, but did have a written policy which specifically did not allow submitting requests for reimbursement for use of personal cell phones for work-related purposes. This use of phones occurred during Plaintiffs' employment, including from 2021 through the time he left the Company in 2024, in all pay periods.

18. Plaintiff and members of the Class were not authorized or permitted to take all off-duty rest periods of at least 10 minutes to which they were entitled. Rest breaks were frequently late or interrupted, including as alleged above, by work related phone calls and texts. This occurred during Plaintiffs' employment, including from 2021 through the time he left the Company in 2024, in all pay periods.

19. Plaintiff and members of the Class were not provided all off-duty, interrupted meal periods of least 30 minutes to which they were entitled. Meal breaks were frequently late or interrupted, including as alleged above, by work related phone calls. This occurred during Plaintiffs' employment, including from 2021 through the time he left the Company in 2024, in all, or virtually all, pay periods.

20. Defendants did not pay Plaintiff and members of the Class one hour of wages at a regular rate of pay for each shift in which a compliant rest or meal period was not provided. Labor Code § 226.7; IWC Wage Orders 4-2001 and 9-2001, §§ 11 and 12.

21. Defendants failed to provide accurate itemized wage statements to Plaintiff and members of the Class since they did not include, among other things,





COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

the total number of hours actually worked, and the number of hours actually worked at each corresponding rate of pay. As alleged above, Defendants knew all time worked or under their control was not shown on the wage statements because the nature of the off-the-clock not reflected involved contact and participation with Defendants' managers during phone calls or at the direction of Defendants for training. Because Defendants failed to compensate Plaintiff and members of the Class for all hours worked, some itemized wage statements provided by Defendants to Plaintiff and members of the Class were inaccurate. As a result, some wage statements Defendants furnished to Plaintiff and members of the Class were incomplete and inaccurate and fail to comply with the requirements of Labor Code section 226(a).

22. Defendants failed to pay Plaintiff and members of the Class all wages due upon separation. As alleged above, Defendants knew all wages had not been paid, because the alleged unpaid wages involved contact and participation by Defendants. Because Defendants failed to pay all wages during employment, final wages paid to Plaintiff and members of the Class were underpaid, as they did not include these amounts.

23. Defendants' conduct described above, including failure to pay wages for time worked off the clock; provide compliant meal and rest periods; pay the correct regular rate for rest/meal premiums; reimburse necessary business expenses; provide accurate, itemized wage statements; and timely provide final wages to Plaintiff and members of the Class are the result of Defendant's centrally devised and uniformly implemented policies and practices.

## CLASS ACTION ALLEGATIONS

24. Plaintiff seeks to represent and certify a Class of:

**Class**
All Defendants' California-based non-exempt non-driver employees, any time during the three years before the filing of this Complaint through the date of trial.

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

25. Plaintiff seeks to certify a subclass of employees defined as:

**Unpaid Wages Subclass**
All members of the Class who performed work while not clocked in for a scheduled shift.

26. Plaintiff seeks to certify a subclass of employees defined as:

**Expense Reimbursement Subclass**
All members of the Class who incurred business-related expenses, including but not limited to cell phone and equipment expenses.

27. Plaintiff seeks to certify a subclass of employees defined as:

**Meal Period Subclass**
All members of the Class who, within the applicable limitations period, worked a shift of five hours or more.

28. Plaintiff seeks to certify a subclass of employees defined as:

**Rest Period Subclass**
All members of the Class who, within the applicable limitations period, worked a shift of 3.5 hours or more.

29. Plaintiff seeks to certify a subclass of employees defined as:

**Wage Statement Subclass**
All members of the Class who received one or more itemized wage statements during the one year preceding the filing of this Complaint.

30. Plaintiff seeks to certify a subclass of employees defined as:

**Waiting Time Subclass**
All members of the Class whose employment ended any time during the three years preceding the filing of this Complaint.

31. Plaintiff reserves the right to amend or modify the Class or Subclass descriptions, including by division into further subclasses or limitation to particular issues. Federal Rules of Civil Procedure, Rules 23(c)(4) and (5).

32. **Commonality**: This action has been brought and may be maintained as a class action pursuant to Federal Rules of Civil Procedure, Rule 23, because there is a well-defined common interest of many persons and it is impractical to bring them all before the court.

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

33. **<u>Ascertainable Class</u>**: The proposed Class and Subclasses are ascertainable because they can be identified and located using Defendants' payroll and personnel records.

34. **<u>Numerosity</u>**: Potential members of the Class and Subclasses as defined are so numerous that joinder of all members would be unfeasible and impractical. Disposition of their claims through a class action will benefit the parties and Court. The number Class and Subclasses members is unknown to Plaintiffs, but is estimated to be in excess of 100 individuals. The number and identity of members can be readily ascertained using Defendants' records.

35. **<u>Typicality</u>**: The claims of Plaintiff are typical of the claims of all members of the Class and Subclasses because all members of the Class and Subclasses sustained similar injuries and damages caused by Defendants' common course of conduct in violation of law.

36. **<u>Adequacy</u>**: Plaintiff is an adequate representative of the Class and Subclasses, will fairly protect the interests of members of the Class and Subclass and has no interests antagonistic to them, and will vigorously pursue this suit. Plaintiff's attorneys are competent, skilled, and experienced in litigating large employment law class actions.

37. **<u>Superiority</u>**: A class action is superior to other available means for the fair and efficient adjudication of this controversy. Individual joinder of all Class Members is not practicable, and questions of law and fact common to the Classes predominate over questions affecting only individual Class Members. A Class action will allow those similarly situated to litigate their claims in the most efficient and economical manner for the parties and the judicial system. Plaintiff is unaware of any difficulties likely to be encountered in the management of this action that precludes its maintenance as a class action.

38. The predominating common questions of law and fact include:

a. Whether Defendants have a policy and practice of failing to pay

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

wages for work performed, or time under Defendants' control, outside of time clocked in;

b. Whether Defendants have a policy or practice of failing to reimburse for necessary business-related expenses, including cell phone, equipment such as gloves, vests and hard hats, and uniform maintenance expenses;

c. Whether Defendants have a policy or practice of failing to pay sick pay at the regular rate instead of the base hourly rate;

d. Whether Defendants violated Labor Code sections 512 and 226.7, and Section 11 of IWC Wage Orders 4-2001 and 9-2001, by failing to provide compliant meal periods, or pay one hour of pay in lieu thereof for each missed, untimely, or interrupted meal period;

e. Whether Defendants violated Labor Code section 226.7 and section 12 of IWC Wage Orders 4-2001 and 9-2001, by failing to provide compliant rest periods, or pay one hour of pay in lieu thereof for each non-compliant or missed rest period;

f. Whether Defendants have a policy or practice of deducting wages for uniform purchases and work performed during meal periods;

g. Whether Defendants have a policy or practice of failing to provide accurate itemized wage statements;

h. Whether Waiting Time Subclass Members are entitled to waiting time penalties under Section 203;

## **CAUSES OF ACTION**

### **FIRST CAUSE OF ACTION**

**Failure to Pay Wages**

**(By Plaintiff and each Member of the Unpaid Wages Subclass)**

39. Plaintiff incorporates the preceding paragraphs of this Complaint.

40. Labor Code section 1194, subdivision (a) provides: "Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit."

41. Labor Code section 510, subdivision (a) provides, in pertinent part: "Eight hours of labor constitutes a day's work. Any work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek and the first eight hours worked on the seventh day of work in any one workweek shall be compensated at the rate of no less than one and one–half times the regular rate of pay for an employee. Any work in excess of 12 hours in one day shall be compensated at the rate of no less than twice the regular rate of pay for an employee. In addition, any work in excess of eight hours on any seventh day of a workweek shall be compensated at the rate of no less than twice the regular rate of pay of an employee."

42. By failing to pay wages to Plaintiff and the Unpaid Wages Subclass, or some of them, for time they spent under Defendants' control but not clocked in, including pre-shift time, post-shift time, and during meal periods, Defendants violated, among other laws, Labor Code section 1194.

43. Plaintiff and the Unpaid Wages Subclass are entitled to recover these wages, with liquidated damages, and interest, attorneys' fees, and costs. See Lab. Code §§ 1194.2, 1194, 218.6.

**<u>SECOND CAUSE OF ACTION</u>**

**Failure to Reimburse Business Expenses**

**(By Plaintiffs and each Member of the Expense Reimbursement Subclass)**

44. Plaintiff incorporates the preceding paragraphs of this Complaint.

45. Labor Code section 2802(a) provides: "An employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

employee in direct consequence of the discharge of his or her duties, or of his or her obedience to the directions of the employer, even though unlawful, unless the employee, at the time of obeying the directions, believed them to be unlawful."

46. Labor Code section 2802(b) provides: "All awards made by a court or by the Division of Labor Standards Enforcement for reimbursement of necessary expenditures under this section shall carry interest at the same rate as judgments in civil actions. Interest shall accrue from the date on which the employee incurred the necessary expenditure or loss."

47. Labor Code section 2802(c) provides: "For purposes of this section, the term 'necessary expenditures or losses' shall include all reasonable costs, including, but not limited to, attorney's fees incurred by the employee enforcing the rights granted by this section."

48. By failing to reimburse Plaintiff and the Expense Reimburse Subclass, or some of them, for necessary business-related expenses they incurred, including for personal cell phone, equipment, equipment such as gloves, vests and hard hats, and uniform maintenance expenses, Defendants violated Labor Code sections 2802 and 1198 and the "Uniforms and Equipment" section of IWC Wage Orders 4-2001 and 9-2001. This right to reimbursement cannot be waived. See Lab. Code § 2804.

49. Plaintiff and the Expense Reimbursement Subclass are entitled to recover these expense reimbursements, with interest, attorneys' fees and costs. See Lab. Code §§ 2802(b)-(c).

**<u>THIRD CAUSE OF ACTION</u>**

**Failure to Provide Meal Periods**

**(By Plaintiff and each Member of the Meal Period Subclass)**

50. Plaintiff incorporates the preceding paragraphs of this Complaint.

51. At all relevant times during the Class Period, Plaintiff and members of the Class were Defendants' employees covered by Labor Code sections 226.7 and 512, and IWC Wage Order 4-2001.

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

52. Labor Code section 512(a) provides:

> An employer may not employ an employee for a work period of more than five hours per day without providing the employee with a meal period of not less than 30 minutes, except that if the total work period per day of the employee is no more than six hours, the meal period may be waived by mutual consent of both the employer and employee. An employer may not employ an employee for a work period of more than 10 hours per day without providing the employee with a second meal period of not less than 30 minutes, except that if the total hours worked is no more than 12 hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived.

53. Labor Code section 226.7 provides:

> (b) An employer shall not require any employee to work during any meal or rest… [mandated by an IWC Order]
>
> (c) If an employee fails to provide an employee a meal period or rest period… in accordance with… an applicable… order of the Industrial Welfare Commission, … the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each work day that the meal period or rest period… is not provided.

54. "No employer shall employ any person for a work period of more than five (5) hours without a meal period of not less than 30 minutes…" Section 11(A), IWC Wage Order 4-2001.

55. Section 11(B) of IWC Wage Order 4-2001 provides, in pertinent part: "An employer may not an employee for a work period of more than ten (10) hours per day without providing the employee with a second meal period of not less than 30 minutes…"

56. Defendants failed to provide Plaintiff and members of the Meal Period Subclass with compliant meal periods as provided in Labor Code sections 226.7 and 512, and failed to pay them the additional pay at the employee's regular rate of compensation for each work day such a meal period was not provided in lieu thereof.

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

57. As a result of Defendants' failure to comply with their obligations under Labor Code sections 226.7 and 512, and IWC Wage Order 4-2001, Plaintiff and members of the Meal Period Subclass have suffered damages in an amount, subject to proof, to the extent they were not paid additional pay owed for the Defendants' failure to provide meal periods as required by law.

58. Plaintiff and members of the Meal Period Subclasses are entitled to recover the full amount of their unpaid additional pay for Defendants' failure to provide statutory meal periods as required by law. Pursuant to Labor Code section 218.6, Plaintiff and members of the Meal Period Subclasses are entitled to recover prejudgment interest on the amount of the additional pay owed.

**FOURTH CAUSE OF ACTION**
**Failure to Provide Rest Periods**
**(By Plaintiff and each Member of the Rest Period Subclasses)**

59. Plaintiff incorporates the preceding paragraphs of this Complaint.

60. At all relevant times during the Class Period, Plaintiff and members of the Class were employees of Defendants covered by Labor Code section 226.7 and IWC Wage Order 4-2001.

61. Section 12(A) of IWC Wage Order 4-2001 provides:

> "Every employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period. The authorized rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof. However, a rest period need not be authorized for employees whose total daily work time is less than three and one-half (31/2) hours. Authorized rest period time shall be counted as hours worked for which there shall be no deduction from wages.

"If an employer fails to provide an employee a rest period in accordance with the applicable provisions of this order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the rest period is not provided." IWC Wage Order 4-2001 (12)(B).



COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

62. Defendants failed to provide Plaintiff and members of the Rest Period Subclass with compliant rest periods as provided in Labor Code section 226.7 and failed to pay them the additional pay at the employee's regular rate of compensation for each workday in lieu of providing timely, off-duty rest period(s).

63. As a result of Defendants' failure to comply with their obligations under Labor Code section 226.7 and IWC Wage Order 4-2001, Plaintiff and members of the Rest Period Subclass have suffered damages, subject to proof, to the extent they were not paid additional pay owed for the Defendants' failure to provide rest periods as required by law.

64. Plaintiff and members of the Rest Period Subclass are entitled to recover the full amount of their unpaid additional pay for Defendants' failure to provide statutory rest periods as required by law. Pursuant to Labor Code section 218.6, Plaintiff and members of the Rest Period Subclass are entitled to recover prejudgment interest on the amount of the additional pay owed.

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

**<u>FIFTH CAUSE OF ACTION</u>**

**Failure to Provide Accurate Itemized Wage Statements**

**(By Plaintiffs and each Member of the Wage Statement Subclass)**

65. Plaintiff incorporates the preceding paragraphs of this Complaint.

66. "An employer, semimonthly or at the time of each payment of wages, shall furnish to their employee, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately if wages are paid by personal check or cash, an accurate itemized statement in writing showing" various pieces of employment information. Labor Code § 226(a).

67. By knowingly and intentionally failing to provide Plaintiff and members of the Wage Statement Subclass, or some of them, with wage statements, Defendants violated Labor Code section 226, subdivision (a).

68. An employee suffering injury as a result of a knowing and intentional failure by an employer to comply with subdivision (a) is entitled to recover the

greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period.

69. Plaintiff and members of the Wage Statement Subclass are entitled to recover the greater of actual damages or penalties not to exceed $4,000 for each employee, along with interest, attorneys' fees and costs.

**SIXTH CAUSE OF ACTION**
**Failure to Timely Pay Wages Due at Separation**
**(By Plaintiff and each Member of the Waiting Time Subclass)**

70. Plaintiff incorporates the preceding paragraphs of this Complaint.

71. An employer who discharges an employee must pay all compensation due to that employee immediately upon discharge. Labor Code § 201. An employer must pay all compensation due to an employee who quits within 72 hours. Labor Code § 202.

72. If an employer willfully fails to timely pay wages the employer must, as a penalty, continue to pay the subject employee's wages until paid or until an action is commenced. Labor Code § 203. Defendants failed to pay Plaintiff any final wages. Further, because Defendants failed to compensate Plaintiff and members of the Class, or some of them, for all hours subject to Defendants' control, Defendants failed to timely pay earned wages to former employees.

73. Defendants' willful failure to pay wages to Plaintiff and members of the Waiting Time Subclass Members, or some of them, violated Labor Code section 203 because Defendants knew these wages were due, but failed to pay them.

**PRAYER FOR RELIEF**

Plaintiff prays for the following relief on behalf of himself and members of the Class against Defendants:

1. Class action certification. Federal Rules of Civil Procedure, Rule 23;
2. Appointment of Plaintiff and his counsel to represent the Classes;

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

3. Provision of Class notice;

4. Declaratory judgment that Defendant knowingly and intentionally violated:

a. Labor Code sections 510 and 1194 by failing to pay all wages;

b. Labor Code section 218 and IWC Wage Orders 4-2001 and 9-2001 by failing to pay all wages;

b. Labor Code section 2802 by failing to reimburse business-related expenses;

c. Labor Code sections 226.7 and 512 by failing to provide compliant meal periods;

d. Labor Code section 226.7 by failing to provide compliant rest periods;

e. Labor Code section 226 by failing to provide accurate itemized wage statements;

f. Labor Code section 203 by failing to pay waiting time penalties;

5. For an award of unpaid wages, including minimum, regular, overtime, and premium wages to the extent permitted by law to each affected person;

6. For an award of liquidated damages to the extent permissible by Labor Code section 1194.2;

7. For penalties incurred under Labor Code section 1197.1 for each underpaid employee per pay period for which the employee was underpaid;

8. For actual damages permitted pursuant to the Labor Code, and Orders of the Industrial Welfare Commission including, but not limited to penalties under Labor Code section 226;

9. For penalties permitted pursuant to the Labor Code, and Orders of the Industrial Welfare Commission including, but not limited to penalties under Labor Code section 226(e);

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

10. For pre- and post-judgment interest to the extent permitted by law including, but not limited to, Labor Code sections 218.6 and 1194;

11. For reimbursement of all necessary expenses incurred in direct consequence of the discharge of duties;

12. For unpaid Premium Wages for non-compliant meal periods at one hour of regular rate of pay to "Meal Period" Subclass Members. Labor Code sections 226.7 and 512, and Section 11 of Wage Order 4;

13. For unpaid Premium Wages for non-compliant rest periods at one hour of regular rate of pay to each "Rest Period" Subclass Member pursuant to Labor Code section 226.7 and Section 12 of Wage Orders 4-2001 and 9-2001;

14. For recovery of civil penalties permitted by Labor Code section 226.3, for violations of Labor Code 226, according to proof;

15. For recovery of civil penalties permitted by Labor Code section 256, for violations of Labor Code sections 201-203, according to proof;

16. Compensatory damages according to proof;

17. Statutory damages as provided under the Labor Code;

18. Liquidated damages as provided under the Labor Code;

19. Pre-judgment interest on all sums collected;

20. For reasonable attorneys' fees and cost including pursuant to Labor Code sections 218.5, 226, 226(h),1194, and 2698, and Code of Civil Procedure section 1021.5; and

21. Such other relief as the Court may deem appropriate.

COHELAN KHOURY & SINGER
D.LAW, INC.

Dated: April 10, 2026

By: /s/ Jeff Geraci
Isam C. Khoury
Jeff Geraci
Counsel for Plaintiff Norberto Rodriguez

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

**DEMAND FOR JURY TRIAL**

Plaintiff demands a jury trial of all claims triable as of right by jury.

COHELAN KHOURY & SINGER
D.LAW, INC.

Dated: April 10, 2026

By: /s/ Jeff Geraci
Isam C. Khoury
Jeff Geraci
Counsel for Plaintiff Norberto Rodriguez

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

# PROOF OF SERVICE

Case Name: *Rodriguez v. Old Dominion Freight Line, Inc.*

Case No: U.S.D.C. Case No. 2:25-cv-12220-SPG (JDEx)

I, Matthew Atlas, declare as follows:

I am employed in the County of San Diego, State of California. I am over the age of 18 and not a party to this action. My business address is 605 "C" Street, Suite 200, San Diego, California 92101. On April 10, 2026, I instituted service of the forgoing document(s) described as:

**FIRST AMENDED CLASS ACTION COMPLAINT**

on the following interested parties:

**Counsel for Defendant**
Kerri H. Sakaue, Esq.
Amy E. Beverlin, Esq.
BAKER & HOSTETLER LLP
1900 Avenue of the Stars, Suite 2700
Los Angeles, CA 90067
ksakaue@bakerlaw.com
abeverlin@bakerlaw.com

in the following manner:

By submitting an electronic version of the document(s) via portable document format (PDF) to the court at https://ecf.cacd.uscourts.gov. Service will be deemed effective as provided for by Local Rule 5-4.1 of the District Court of California, Central District.

Executed April 10, 2026, at San Diego, California.

______________________________
Mathew Atlas